FILED

2010 Nov-24  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SANDRA VESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NUMBER: |
| | )  CV-10- |
| | )  JURY DEMAND |
| | ) |
| LAWRENCE BAPTIST | )          CV-10-J-3177-NE |
| MEDICAL CENTER and BRIM | ) |
| HEALTHCARE, INC., | ) |
| | ) |
| Defendants. | ) |

# **COMPLAINT**

## I.   **JURISDICTION**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331,

1343(4), 2201 and 2202 and the Act of Congress known as the Civil

Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42

U.S.C. §2000e et seq.  The jurisdiction of this Court is invoked to secure

protection of and redress deprivation of rights secured by 42 §2000e et

seq., and 29 U.S.C. §621 et seq. providing for injunctive and other relief

against sex discrimination and retaliation in employment.

1

2.    The plaintiff filed her sex discrimination and retaliation suit within 180 days of the discriminatory treatment and ninety (90) days from the receipt of her right-to-sue letter from the EEOC.

II.    **PARTIES**

3.    Plaintiff, Sandra Vess, is a female citizen of the United States and a resident of the State of Alabama.  The plaintiff was employed by the defendant at its Moulton, Lawrence County, Alabama location.

4.    Defendant, Lawrence Baptist Medical Center, does business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e et seq. The defendant employs at least fifteen (15) persons.

5.    Defendant, Brim Healthcare, Inc., does business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e et seq.  The defendant employs at least fifteen (15) persons.

III.    **STATEMENT OF FACTS**

6.    The plaintiff re-alleges and incorporates by reference paragraphs 1-5 with the same force and effect as if fully set out in specific detail hereinbelow.

7.    The plaintiff has been discriminated against because of her sex and in retaliation for her engagement in protected activity in the terms and

2

conditions of her employment with the defendants, including a sexually

hostile work environment, discipline, termination, work conditions and

other terms and conditions of employment.

8.  The plaintiff was Supervisor of Nurses at Lawrence County Baptist

Medical Center. The plaintiff was terminated on October 20, 2008, after

working at the hospital since 1988. The plaintiff was told at her

termination meeting that she was not a "team player."

9.  The plaintiff believes she was terminated because she made complaints

about sexually inappropriate behavior by the hospital's male

administrators.

10. Sexually inappropriate behavior by the hospital's male administrators

began around January 2008 and continued until it became so intolerable

that the plaintiff complained to the hotline and made a written complaint

on or around October 9, 2008. The plaintiff made prior complaints to

Ivey Pace, the hospital's CNO, about the inappropriate touching done by

Tom Dunning, the hospital's administrator, who regularly put his hands

on women employees' shoulders and rubbed their shoulders and necks.

The plaintiff had also complained before to Ivey Pace about the

inappropriate, loud and vulgar conversations around the nurse's station

3

focused on Joselyn Gaston, the nurse's secretary. The plaintiff witnessed numerous instances of Tom Dunning and other male administrators talking with Joselyn about inappropriate topics such as her butt size, her bowel habits, whether she needed to lose weight or color her hair or to get a "boob" job. The inappropriate behavior was disruptive to the care of the patients and created a sexually hostile work environment for the women who work at the hospital.

11.    Others involved in the loud, vulgar language and inappropriate behavior included Jeff Bailey, the Assistant Director of Nursing, Wesley Campbell, an x-ray tech, James Daniels, a respiratory tech, and Dr. R. Hall.

12.    The plaintiff also wrote up Wesley Campbell for hanging around the nurses' station with Joselyn and for sexually inappropriate language and behavior. The plaintiff turned that report in to Eric Walters, the Director of the Hospital.

13.    On or about October 10, 2008, a patient's family member came to plaintiff's office to complain that there was vulgar language all day at the nurses' station. Such behavior created a sexually hostile work environment at the hospital which interfered with the care of the

4

patients.    As supervisor of nurses, the plaintiff received many complaints from the women nurses about the sexually inappropriate behavior that was persistent.

14.    After the plaintiff made her complaints via the hospital's hot line and also made a written complaint on or about October 9, 2008, the Assistant Director of Nursing, called her at home and spoke to her in a threatening and abusive manner telling the plaintiff that he did not have to defend himself against plaintiff's charges.

15.    The plaintiff believes the defendants willfully and intentionally discriminated against and retaliated against her, including her termination, for the complaints she made about the sexually offensive behavior of male administrators at the hospital.  The defendants have allowed a sexually hostile environment to flourish at the hospital which has discriminated against and adversely affected the plaintiff and other women employees.

16.    As a result of the above actions, including defendants' malicious termination of her employment, the plaintiff has suffered harm, has been injured, and, among other harms, have been denied wages, benefits and other privileges and opportunities of employment, as well as mental and

5

emotional stress and hardship.

17. Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

18. Defendants acted with malice and/or reckless indifference toward the plaintiff.

19. The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory and punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. CAUSES OF ACTION

### COUNT I - SEXUAL HARASSMENT

20. Plaintiff adopts and re-alleges paragraphs 1-19 above as though fully set forth herein.

21. Plaintiff was subjected to a hostile work environment based on her sex as set out above.

22. The harassment was unwelcomed, based on sex, and was severe and pervasive so that it affected the terms and conditions of the plaintiff's

employment and defendants are liable for such harassment.

23.   The harassment was continuing in nature.

24.   Plaintiff objected to and complained about the harassing conduct; however, defendants failed to take prompt, effective remedial action.

25.   The defendants did not appropriately handle the complaint of sexual harassment from the plaintiff.

26.   Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

27.   Defendants acted with malice and/or reckless indifference toward the plaintiff.

## COUNT II - RETALIATION

28.   Plaintiff adopts and re-alleges paragraphs 1-27 above as if fully set forth herein.

29.   During her employment with the defendants, Plaintiff made good faith complaints about sex discrimination and harassment as set forth above.

30.   As a result of these complaints, Plaintiff was disciplined and terminated from her position.

31.   The defendants' proffered reasons for the adverse actions described in the preceding paragraph were a pretext for retaliation.

7

32.     Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

33.     Defendants acted with malice and/or reckless indifference toward the plaintiff.

34.     The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.     **PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff respectfully prays that this Court   assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of the defendants violate the rights of the plaintiff as secured by 42 §2000e et seq.

2.      Grant the plaintiff a permanent injunction enjoining the defendants, its agents, successors, employees, attorneys and those acting in concert with defendants and at defendants' request from continuing to violate 42

U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 §2000e et seq.

3.    Enter an order requiring the defendants to make the plaintiff whole by awarding her back-pay (plus interest), front-pay, compensatory damages, punitive damages and/or nominal damages.

4.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of attorneys' fees, costs and expenses.

Respectfully submitted,


/s/Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
Alexander N. Gerogiannis
Counsel for the Plaintiff


OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

9

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/Rocco Calamusa, Jr.
OF COUNSEL

DEFENDANTS' ADDRESSES:

**Serve via certified mail:**

Lawrence Baptist Medical Center
202 Hospital Street
Moulton, Alabama 35650

Brim Healthcare, Inc.
105 Westwood Place, #300
Brentwood, TN 37027